# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM ROHLAND,** | : | CIVIL ACTION NO. 1:17-CV-333 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **KEVIN KAUFFMAN,** | : | |
| **Superintendent of SCI Huntingdon,** | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 9th day of August, 2017, upon consideration of the motions (Docs. 40, 41, 42, 44) by *pro se* petitioner William Rohland ("Rohland") requesting review under Federal Rule of Civil Procedure 60(b) of the court's order (Doc. 36) of July 27, 2017 dismissing his second or successive petition (Doc. 1) for writ of habeas corpus without prejudice to Rohland's right to request leave to file same from the Third Circuit Court of Appeals, (Doc. 36), and the court observing that Rule 60(b) allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons, FED. R. CIV. P. 60(b), and it appearing from Rohland's reference to "recently discovered obtained evidence" that he seeks relief pursuant to Rule 60(b)(2), which rule permits a court to reopen a judgment when the movant presents "newly discovered evidence that, with reasonable diligence, could not have been discovered" previously, FED. R. CIV.

P. 60(b)(2),[1] but the court observing that none of the documents attached as "new evidence" to Rohland's latest submissions would alter our earlier legal conclusion that Rohland's instant petition is a second or successive petition for writ of habeas corpus filed without preauthorization by the Third Circuit Court of Appeals, see 28 U.S.C. § 2244(b)(3), such that this court, as a matter of law, cannot consider same, see id. § 2244(b)(1), (2), it is hereby ORDERED that Rohland's motions (Docs. 40, 41, 42, 44) are DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Rohland also cites to Rule 60(b)(3) in the title section of his fourth motion (Doc. 44) but neither articulates nor substantiates an ostensible claim of fraud, misrepresentation, or misconduct by an opposing party. See FED. R. CIV. P. 60(b)(3).